IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

URIEL JIMENEZ NAVARRO,

      Petitioner,

v.

WARDEN, *Otero County Processing Center*,
TODD M. LYONS, *Acting Director of*
*Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

Case No. 2:26-cv-00893 KWR-JMR

## ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a non-citizen in ICE custody who has been detained since he was apprehended at or near the border. Petitioner asserts that he is entitled to a bond or custody hearing under 8 U.S.C. § 1226(a). But at the time of his detention at or near the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Petitioner is thus mandatorily detained under § 1225(b). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

Petitioner is a citizen of Mexico. Pet. ¶ 2, Doc. 1. He first entered the United States in 2005. Pet. ¶ 2. He is married and has five children. Pet. ¶¶ 3, 4. On October 15, 2013 Respondents

initiated removal proceedings. Pet. ¶ 9. The removal proceedings were subsequently administratively closed. Pet. ¶ 11. Petitioner asserts that he was removed from the country in December 2025. Pet. ¶ 12. Respondents assert they have no record that he was removed or had any interaction with immigration authorities around that time, Doc. 10 at 2 n.2, and the Form I-213 does not list his removal. Doc. 10-1.

As relevant here, Petitioner unlawfully crossed the border into the United States near Santa Teresa, New Mexico on January 31, 2026. Pet. ¶ 46; Doc. 10-1. He was arrested that same day and detained. Pet. ¶ 46; Doc. 10-1 at 2. He has been detained since January 31, 2026, and his request for bond hearings were denied for lack of jurisdiction as he is mandatorily detained under § 1225(b). Pet. ¶ 48. The immigration judge alternatively concluded that Petitioner was a flight risk. *See* Doc. 10-4.

Petitioner asserts that Respondents violated the Immigration and Nationality Act, the APA, and due process by failing to provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner asserts that Respondents have wrongfully classified him as mandatorily detained under § 1225(b)(2), when he should receive a bond hearing under § 1226(a). *See, e.g.,* Pet. ¶¶ 79-81.

Respondents assert that Petitioner is mandatorily detained under § 1225(b) and is not entitled to a bond hearing. The Court agrees with Respondents. It is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner was apprehended shortly after unlawfully crossing the border, and he has been detained since his initial arrest. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission"

and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained soon after crossing the border on January 31, 2026. He has remained detained since his initial arrest at the border, and no party asserts that he was paroled or released into the United States after his January 31 arrest. He is either an arriving alien detained under § 1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.[1]

Petitioner does not contest that he crossed the border on January 31, 2026 into the United States and was detained that same day.  He asserts, however, that he was unlawfully removed from the country in 2025. It is unclear whether Petitioner was in fact removed from the country. Petitioner does not cite any evidence, or describe any facts or details, supporting his assertion that he was removed from the country. He merely summarily states he was removed. *See* Pet. ¶ 45. Respondents assert that they have no evidence that he was removed or that he had any interaction with immigration officials around that time.  *See* Doc. 10 at 2 n.2. Moreover, the Form I-213 gives no indication that Petitioner was removed. *See* Doc. 10-1.  The immigration judge stated that the Form I-213 does not indicate that he was removed in December 2025 and Petitioner provided no evidence in support of his contention that he was removed.  *See, e.g.,* Doc. 10-4 at 4.

Even if he were removed, Petitioner does not assert a claim challenging his alleged removal in December 2025. For example, he does not state that his removal violated due process, analyze

---

[1] No party asserts that 8 U.S.C. § 1231 applies at this time. Although a removal order was issued, it is not final as an appeal remains pending.

or provide law supporting that due process claim, or establish that this court has jurisdiction over such a claim.

Moreover, at issue here is Petitioner's detention after his unlawful entry into the United States on January 31, 2026. Petitioner asserts that when he previously lived in the United States, he was on release and not detained. Petitioner does not cite any authority establishing that the Court should consider whether he previously lived in the United States in determining whether he is mandatorily detained under § 1225(b) after unlawfully crossing the border on January 31, 2026.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).  Here, Petitioner has not carried his burden by citing relevant law and analyzing it. Petitioner does not challenge his December 2025 removal as unlawful by asserting a due process claim. He summarily asserts that, because he was on release when he previously lived in the United States, he should not be detained upon unlawfully crossing

4

the border into the United States on January 31, 2026. This argument was not sufficiently developed or supported by authority.

Petitioner is also responsible for asserting his own arguments and claims, and the Court declines to sua sponte raise or analyze a hypothetical constitutional claim which was not asserted or briefed. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE